IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

Nos. 97-31039 & 97-31309

Summary Calendar

---

UNITED STATES OF AMERICA,
ex relator, Michael Sampson, Sr.,

Plaintiff-Appellant,

and

LOUIS R. KOERNER, JR.,                    Movant-Appellant

versus

CRESCENT CITY EMERGENCY MEDICAL
SERVICE, INC. doing business as MEDIC ONE;
MEDIC ONE AMBULANCE SERVICES, INC.; AMERICAN
MEDICAL RESPONSE, INC.; JERRY VARANAY; SUE
BIROU; BONNIE EDWARDS,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-3505-A

---

September 18, 1998

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

This is round three in attorney Louis R. Koerner, Jr.'s crusade to win a qui tam action arising out of the same set of facts. Koerner lost the first two rounds. See Federal Recovery Services, Inc. v. United States [Koerner I], 72 F.3d 447 (5th Cir.

---

[*]Pursuant to 5th Cir. R 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1995); <u>United States v. Crescent City E.M.S.</u>, No. 96-31126, slip op. at 1-2 (5th Cir. Aug. 19, 1997) (unpublished opinion).  The complaint in this round is virtually identical to that dismissed in rounds one and two.  The district court accordingly dismissed the round three complaint and imposed sanctions.  <u>See</u> <u>United States v. Crescent City E.M.S.</u>, No. 96-CV-3505-A (E.D. La. Sept. 12, 1997). The district court's reasoning is sound.  We therefore AFFIRM the district court's dismissal of Sampson's and Koerner's claims, as well as the court's award of sanctions.

This appeal is similarly frivolous and it is therefore DISMISSED.  <u>See</u> 5th Circuit R. 42.2.  At the end of the previous round, we cautioned Koerner that "any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions." <u>Koerner II</u>, slip op. at 2.  We meant what we said.  We now impose sanctions of double costs and attorney's fees incurred in defending this appeal on Koerner.  <u>See</u> <u>Coghlan v. Starkey</u>, 852 F.2d 806, 812-13 (5th Cir. 1988).

DISMISSED and REMANDED FOR DETERMINATION OF COSTS AND ATTORNEYS' FEES.